**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4933

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER T. TERRY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, District Judge. (2:06-cr-00228)

Submitted: April 22, 2008          Decided: May 7, 2008

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Matthew A. Victor, VICTOR VICTOR & HELGOE, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Kristina D. Raynes, Special Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger T. Terry, Jr., was convicted after a jury trial of two counts of possession with intent to distribute five or more grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced him to 151 months imprisonment.[*] He appeals, challenging the district court's denial of his motion to suppress evidence discovered during two searches and also challenging his sentence. We affirm his convictions, but vacate his sentence and remand for resentencing.

Terry contends that the district court erred in denying his motion to suppress crack cocaine that was discovered on his person following his arrest on January 11, 2006, asserting that the police officer lacked justification for approaching him and ultimately arresting him, that the strip search of him was unreasonable, and that the prompt presentation rule was violated. He also sought to suppress evidence of the money discovered in a safe in his apartment, contending that he did not freely and voluntarily consent to the officers' search of his apartment.

We have carefully considered the arguments of counsel and the evidence presented to the district court, and we conclude that the district court did not clearly err in denying Terry's motion to suppress. See <u>United States v. Rusher</u>, 966 F.2d 868, 873 (4th Cir.

---

[*]After Terry noted this appeal, the district court granted the government's Fed. R. Crim. P. 35(b) motion and reduced Terry's sentence to 78 months.

- 2 -

1992) (providing standard of review).  Thus, we affirm the denial of the motion to suppress for the reasons stated by the district court.

Terry also challenges his sentence, contending that the district court erred in converting to crack cocaine all of the currency located in the safe found in his bedroom.  He argues that this finding disregarded the testimony of his mother that Terry, his mother, and his girlfriend were saving their money for a down payment on a house.  The district court's finding that this testimony was incredible is not clearly erroneous.  See United States v. Fisher, 58 F.3d 96, 100 (4th Cir. 1995) (providing that credibility determinations are within province of sentencing court and will not be overturned unless clearly erroneous).

Terry contends that the court erred in concluding that the money was proceeds from the sale of drugs.  Citing to United States v. Rhynes, 196 F.3d 207, 238 (4th Cir. 1999), vacated in part on other grounds, 218 F.3d 310 (4th Cir. 2000) (en banc), Terry also argues that, because there was evidence that he possessed some powder cocaine, the currency should have been converted to powder, rather than to crack cocaine.  We have reviewed the evidence and the arguments presented here and find that the district court's ruling that the entire amount of the cash was proceeds from the sale of crack cocaine is supported by a preponderance of the evidence and was not clearly erroneous.  See

United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997). We therefore affirm this ruling.

Terry also challenges his sentence as unreasonable, citing to the November 1, 2007 amendment to the crack cocaine guideline and the Supreme Court's consideration of whether the crack to powder cocaine disparity may be considered in sentencing. See Kimbrough v. United States, 128 S. Ct. 558 (2007).

In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Kimbrough, 128 S. Ct. at 575. Here, the district court did not have the benefit of Kimbrough when it determined Terry's sentence. To give the district court the opportunity to reconsider the sentence in light of Kimbrough, we conclude that resentencing is necessary.

We therefore vacate the sentence imposed by the district court and remand for resentencing. On remand, Terry will be resentenced under the revised guidelines for crack offenses that took effect on November 1, 2007. We dispense with oral argument because the facts and legal contentions are adequately presented in

- 4 -

the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED